IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| David Alan Leary, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12cv1127 (JCC/TCB) |
| | ) | |
| Ben Wright, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

David Leary, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that Virginia Parole Board ("VPB") violated his due process rights by using erroneous information to deny petitioner release on discretionary parole. Respondents have filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons that follow, petitioner's claims must be dismissed.

I. Background

Petitioner is an inmate confined within the Virginia Department of Corrections ("VDOC") pursuant to his conviction in the Circuit Court for the City of Norfolk, Virginia of two counts of malicious wounding, two counts of use of a firearm in the commission of a felony, and firing into an occupied dwelling or building. Resp. Ex. B, ¶ 4, ECF No. 13-4. Petitioner was sentenced to fifty-one (51) years incarceration, and he became eligible for parole consideration in 2003. Id. ¶¶ 4, 6. He has been considered for parole every year since 2003. Id. ¶ 6.

On July 19, 2010, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising the same claims he makes in this federal petition. Resp. Ex. A, ECF

No. 13-1. On August 17, 2012, the Court dismissed the petition, holding that it concerned a matter for which habeas corpus does not lie. Leary v. Warden, R. No. 121237; Resp. Ex. A, ECF No. 13-2. Petitioner filed the instant federal habeas petition on September 25, 2012 and raised the following claims:

1. The VPB used erroneous information to deny him discretionary parole release in violation of his due process rights, entitling him to immediate release.

2. The VPB's continued denial of discretionary parole violated his Sixth Amendment right to a jury trial, entitling him to immediate release.

As relief, petitioner requests his immediate release from custody.

### III. Analysis

#### A. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is

unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254 (e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300 - 01 (4th Cir. 2006). Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## B. Jurisdiction

Petitioner would be entitled to federal habeas corpus relief only if he could demonstrate that his continued detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). There is some doubt whether petitioner may bring his present challenges to Virginia's parole scheme in habeas rather than in a civil rights action pursuant to 42 U.S.C. § 1983. The Supreme Court has held that challenges to parole eligibility proceedings which seek new parole proceedings, but which would not necessarily result in the petitioner's speedier release, do not "lie[] at 'the core of habeas corpus'" and instead are cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). As the Supreme Court recently explained, "[h]abeas is the exclusive remedy ... for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 131 S.Ct. 1289, 1293 (2011) (quoting Wilkinson, 544 U.S. at 82).

However, the Supreme Court has not decided whether §1983 is the exclusive remedy for a prisoner who, like petitioner, seeks immediate release even though the challenges he raises plainly do not make that remedy available. See Townes v. Jarvis, 577 F.3d 543, 549-50 n.4 (4th Cir. 2009); Terrell v. United States, 564 F.3d 442, 446 (6th Cir. 2009) (noting that the circuits

3

"appear to be in conflict" on "whether habeas and § 1983 (or the equivalent for a federal prisoner) are mutually exclusive actions"). The Court need not resolve this contentious issue in this case, because petitioner's constitutional challenges fail under either habeas or § 1983. See Neal v. Fahey, No. 3:07cv374, 2008 WL 728892 at *1 (E.D. Va. Mar. 18, 2008); see also Townes, 577 F.3d at 549-50 n. 4; Doxie v. Clarke, No. 2:10cv379, 2011 WL 1930666 at *3 (E.D. Va. Apr. 22, 2011) (allowing similar claims to proceed in habeas).

## C. Petitioner's Claims are Without Merit

The Supreme Court of Virginia rejected petitioner's claims on the merits by explaining that "the Court is of the opinion that habeas corpus does not lie in this matter and that the writ of habeas corpus should not be issued as prayed for." In reviewing the state court's decision, petitioner fails to show that that result was either contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts.

In his first claim, petitioner claims that VPB relied on "erroneous information" to deny him parole in violation of Due Process Clause of the Fourteenth Amendment.[3] Specifically, petitioner alleges that VPB erroneously denied him parole on March 23, 2011 because it cited "history of violence" as a factor used to deny him release. Pet. Mem. 2, ECF No. 1. Petitioner argues that he has not received any infractions during his incarceration and appears to believe that, because he does not have a history of institutional violence, VPB should not deny him parole on that basis.

Petitioner is not entitled to relief on this claim. The denial letter, attached to the petition, states that VPB evaluated four additional factors when it decided to deny petitioner parole, including "release at this time would diminish seriousness of crime," "crimes committed,"

---

[3] "No State shall . . . deprive and person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

"serious nature and circumstances of offense," and "risk to the community." Pet. Mem. Ex. 4, ECF No. 1-6. Furthermore, VPB Chairman William Muse states in a sworn affidavit attached to the Motion to Dismiss that the "history of violence" factor "refers to and includes the crime for which [petitioner] is currently incarcerated." Muse Aff. ¶ 10, ECF No. 13-3. He states that the Board does not exclude crimes for which a prisoner is currently incarcerated when it considers the "history of violence" factor. Id. Because the Board, contrary to petitioner's allegations, applied more than one factor and correctly applied the "history of violence" factor to deny petitioner parole, his first claim will be dismissed.

Petitioner next contends that because the jury recommended the minimum sentence in his case, he should be granted parole. Pet. Mem. 7. Petitioner offers no support for his argument other than reiterating that he has no history of infractions during his incarceration. Contrary to petitioner's assertion, he has no constitutional right to be conditionally released before the end of his sentence. Greenholtz v. Inmates, 422 U.S. 1, 7 (1997), and this claim must be dismissed.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed, and petitioner's pending motions will be denied, as moot. An appropriate Order shall issue.

Entered this ___22___ day of ___August___ 2ো13.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia